IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DANIELLE WADE, | ) | |
| | ) | No.  39172-8-III |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK RYPIEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Danielle Wade filed a complaint against her former partner, Mark

Rypien, alleging that Rypien engaged in acts of assault, battery, false imprisonment, and

intentional infliction of emotional distress for incidents dating back to 2008.  She sought

damages under a unified continuing tort of domestic violence.  Rypien did not file an

answer to the allegations.  Instead, the parties jointly moved the superior court to enter an

order certifying a question of law under RAP 2.3(b)(4) as to whether this court should

recognize a new unified continuing tort of domestic violence that would allow Wade to

seek damages for actions occurring beyond the relevant statute of limitations for each

individual act.  Without deciding any issues of law or fact pertaining to this case, the

superior court granted the stipulated motion and the parties sought discretionary review in

this court.

Division Three's court commissioner granted discretionary review, agreeing that the certified issue satisfied the requirements of RAP 2.3(b)(4), noting that question presented a controlling issue of law, there is no Washington precedent on the issue, and immediate review would materially advance the termination of the litigation. The commissioner's decision did not remark on the lack of decision by the superior court.

After further review of RAP 2.3(b)(4), we conclude that discretionary review was improvidently granted because the superior court has not decided the issue presented. RAP 2.3(a) provides a method of seeking discretionary review of a superior court decision that is not final. Specifically, the rule provides: "**Decision of Superior Court.** Unless otherwise prohibited by statute or court rule, a party may seek discretionary review of any act of the superior court not appealable as a matter of right." RAP 2.3(a). Under RAP 2.3(b)(4), a superior court may certify, or the parties may stipulate, "that *the order* involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of *the order* may materially advance the ultimate termination of the litigation." (Emphasis added.)

While we agree that this case presents a controlling question of law, RAP 2.3 requires the superior court to first decide the issue before certifying the question for discretionary review. Notably, the language in RAP 2.3(b)(4) is different from the language in RAP 16.16(a), which allows the Supreme Court to "entertain a petition to determine a question of law" from a federal court.

2

No. 39172-8-III
*Wade v. Rypien*


We dismiss the appeal as improvidently granted without prejudice to the parties, and remand the case to superior court. After the superior court has decided the legal issue, the parties are free to request discretionary review once again with this court or the supreme court.

Dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

I CONCUR:

_____
Cooney, J.

No.  39172-8-III

LAWRENCE-BERREY, A.C.J. (concurring) — I agree with the majority's interpretation of RAP 2.3(b)(4).  The rule requires the trial court to first enter an order before we can review the issues the parties seek us to address.  I concur to clarify an additional point, which I deem important.

In this appeal, the parties asked us to address several issues, including what the elements of the domestic violence tort might be, what the statute of limitations might be, and whether the tort is a continuing tort for the purpose of recovering damages beyond the limitations period.   It often is said that the Court of Appeals is an error correcting court.  Here, we have no error to correct.

If the parties desire us to address the three issues outlined above, the trial court must first address them.  My point is this: the scope of our review is dependent upon the scope of the trial court's order.[1]

_Lawrence-Berrey, A.C.J._
Lawrence-Berrey, A.C.J.

---

[1] The parties, understandably, will be disappointed by our decision and may view our approach as pedantic.  But unless the correct procedure is followed, review beyond this court might be denied.